IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr271

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| ILA LITTLE HOWARD (3), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before this Court upon the defendant's letter motion to modify the terms of the Judgment regarding payment of monetary penalties. (Doc. No. 409).

The defendant is serving a sentence following her conviction for prostitution, money laundering, and drug offenses. (Doc. No. 353: Judgment). The Court ordered that payment of the penalties was to begin immediately. (Id. at 5). The Court recommended that the defendant participate in the Bureau of Prisons (BOP) Inmate Financial Responsibility Program (IFRP), and ordered that any balance remaining after imprisonment be paid in monthly installments while on supervised release. (Id.). The defendant requests that she not be required to make payments until after her release. (Doc. No. 409: Motion). She states it is difficult for her family to pay her monetary penalties because her mother is ill and her two sons are incarcerated. (Id.).

The Fourth Circuit has directed that such a motion be treated as a habeas corpus petition under 28 U.S.C. § 2241 because the defendant has attacked the execution of the monetary penalties order. United States v. Hudson, 221 Fed. Appx. 255, 256 (4th Cir. Mar. 26, 2007)(unpublished). "A habeas petition under § 2241 must, however, be filed in the district in

which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). The defendant is incarcerated within the Northern District of West Virginia (USP Hazleton). Accordingly, this Court does not have jurisdiction over the instant motion.

Even if the Court had jurisdiction, it would deny the motion. First, the defendant failed to show that she exhausted administrative remedies before seeking review in district court. Jonpoll v. Thornburgh, 898 F.2d 849, 850 (2nd Cir. 1990). Second, the Fourth Circuit has held that the BOP has discretion to collect monetary payments through the IFRP when they are ordered due immediately, and a schedule is set for paying any remainder while on supervised release. United States v. Watkins, 161 Fed. Appx. 337 (4th Cir. Jan. 19, 2006) (unpublished) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); McGee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998)). Thus, the Court finds that it is not in the interests of justice to transfer this matter to the Northern District of West Virginia pursuant to 28 U.S.C. § 1631.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion (Doc. No. 409) is **DISMISSED WITHOUT PREJUDICE** to file an action in the appropriate district court at the proper time.

Signed: April 24, 2009

Robert J. Conrad, Jr.
Chief United States District Judge